GINARTE O'DWYER GONZALEZ, GALLARDO & WINOGRAD, LLP
400 MARKET STREET
NEWARK, NEW JERSEY 07105
P: (973) 854-8400
Our File No.: 235496

LAW OFFICES OF ALAN L. ZEGAS
552 MAIN STREET
CHATHAM, NJ 07928
P: (973) 701-7080

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR RODRIGUEZ<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF NEW BRUNSWICK; THE NEW BRUNSWICK POLICE DEPARTMENT; MAYOR JOHN CAHILL; POLICE OFFICER CHRISTOPHER BORNHEIMER; POLICE OFFICER ANDREW WEISS; POLICE DIRECTOR ANTHONY CAPUTO; THE COUNTY OF MIDDLESEX; THE MIDDLESEX COUNTY SHERIFF'S DEPARTMENT; MIDDLESEX COUNTY SHERIFF MILDRED S. SCOTT, ABC ENTITIES 1-5 (as yet unidentified entities); and JOHN DOES 1-5(as yet unidentified individuals);<br><br>Defendants. | CIVIL ACTION NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

The Plaintiff, VICTOR RODRIGUEZ, by and through his attorneys, GINARTE O'DWYER GONZALEZ GALLARDO & WINOGRAD, LLP and LAW OFFICES OF ALAN L. ZEGAS, alleges as follows:

## INTRODUCTION

1. This action arises under the Fourth Amendment of the U.S. Constitution and Article One Section Seven of the New Jersey Constitution; under federal law, 42 U.S.C. §§1983; under New Jersey Civil Rights Act, and under New Jersey common law for assault & battery, negligent hiring, training, and supervision, and intentional and/or negligent infliction of emotional distress.

2. While the individual Defendants were acting in the scope of their employment and under color of state law, they violated Rodriguez's constitutionally protected rights under the U.S. and New Jersey Constitutions by using excessive force against Rodriguez. The Defendants' actions caused Rodriguez to suffer severe painful and permanent injuries, severe nervous shock, mental anguish, emotional distress, great physical pain, and to undergo emergency and medical aid treatment rendering Mr. Rodriguez totally and permanently disabled.

3. This action is also brought against the City of New Brunswick, the New Brunswick Police Department, Mayor John Cahill, Police Director Anthony Caputo, the County of Middlesex, the Middlesex County Sheriff's Department, and Sherriff Mildred S. Scott for its failure to properly train and supervise the individual Defendants in the proper use of force and techniques in its establishment of policies, procedures, practices, and customs that result in the excessive use of force.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Jurisdiction is appropriate as the Complaint involves a federal question.

5. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b)(2) or, alternatively, pursuant to 28 U.S.C. § 1391(b)(1).

2

## PARTIES

1. Plaintiff VICTOR RODRIGUEZ (hereinafter "Rodriguez") was and is a resident of the City of New Brunswick, County of Middlesex, and State of New Jersey.

2. Defendant, the County of Middlesex was and is a public entity organized and existing pursuant to the laws of the State of New Jersey.

3. Defendant Middlesex County Sheriff's Department was and is an agency, department and/or subdivision of the County of Middlesex organized and existing pursuant to the laws of the State of New Jersey, engaged in the hiring, training and supervision of law enforcement/corrections officers. The Middlesex County Sherriff's Department often engages in joint task force work with the New Brunswick Police Department ("hereinafter "NBPD").

4. The Middlesex County Sheriff's Department is responsible for, among other things, development, promulgation, and implementation of policies and procedures relating to the use of force, arrest, internal affairs investigations, discipline and overall conduct of its Sheriff's Officers.

5. Defendant Sheriff Mildred Scott ("Sherriff Scott") was the chief policy maker for the Middlesex County Sheriff's Department

6. Defendant, the City of New Brunswick, is a city organized and existing pursuant to the laws of the State of New Jersey, located in the County of Middlesex.

7. Defendant, the New Brunswick Police Department (the "NBPD") is an agency, department and/or subdivision of New Brunswick, engaged in the hiring, training and supervision of police officers, with a place of business located at 25 Kirkpatrick Street, New Brunswick, New Jersey 08901.

8. The City of New Brunswick and the NBPD are responsible for development, promulgation, and implementation of policies, procedures, and standards for the NBPD and more

3

specifically policies, procedures, and standards relating to the use of force, arrest, internal affairs investigations, discipline, and overall conduct of corrections officers working at the NBPD.

9. Defendant Mayor John Cahill was and is the top elected official of the City of New Brunswick, and is a top policy maker for the City of New Brunswick.

10. At all relevant times herein, upon information and belief, Defendants Police Officer Christopher Bornheimer (hereinafter "Bornheimer") and Police Officer Andrew Weiss (hereinafter "Weiss") were officers employed by the NBPD.

11. At all relevant times herein, upon information and belief, Defendant Anthony Caputo (hereinafter "Caputo"), was the director of the NBPD and was responsible for the oversight of the NBPD, the development, promulgation, and implementation of policies, procedures and standards for the NBPD. Specifically, Caputo was a policy maker for the NBPD and was responsible for the operations of the NBPD and all of its officers, including Bornheimer and Weiss.

12. At all relevant times herein, Defendants ABC ENTITIES 1-5, as yet unidentified departments, agencies or subdivisions and/or other entities, were responsible for supervision, involved with the incidents alleged in this Complaint.

13. At all relevant times herein defendants JOHN DOES 1 -5 , as yet unidentified individuals were duly appointed officers and/or supervisors employed by Middlesex County, the City of New Brunswick, and/or the NBPD.

## FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14 of the Complaint and incorporates same by reference.

15. On January 31, 2012, Rodriguez was peacefully leaving the restaurant called "EL RANCHO," located at 98 Remsen Avenue in New Brunswick, New Jersey, at around 6p.m. with

his cousin. Suddenly, a group of African American men, whom Rodriguez perceived to be gang members, surrounded Rodriguez in an intimidating manner causing him to fear for his life.

16. Specifically, the gang members demanded Rodriguez to give them his sneakers and attempted to rob him. The gang members yelled the word "blood" in gang slang, causing Rodriguez to fear for his life. Rodriguez reasonably believed that his life was in imminent danger.

17. Being only nineteen (19) years old, of slender build, and having no experience in such a situation, Rodriguez was scared and in need of help. Unbeknownst to Rodriguez, an unmarked law enforcement vehicle was already parked near the corner of Seaman St. and Remsen Avenue. In the vehicle were NBPD Officers Bornheimer and Weiss, as well as, an unidentified Officer of the Middlesex County Sheriff's Department.

18. The three law enforcement officers were able to observe the imminent assault on Rodriguez by the eight (8) other men, but none of the officers did anything to effectively stop it.

19. In fear of his life, Rodriguez ran into the street toward an adjacent corner to retrieve a blank gun from a backpack. In an effort to avoid the imminent assault, Rodriguez fired two blank rounds into the air to break up the group. Rodriguez did not point the gun at any person, at any time.

20. After firing the blank shots, Rodriguez ran away from the crowd of eight (8) men, running past the driver's side of the unmarked police vehicle.

21. Instead of issuing a warning or a command, the law enforcement officers opened fire on Rodriguez after he had already ran past the car, shooting him in the back of his legs and the rear of his body.

22. The initial rounds shot by the law enforcement officers pierced Rodriguez's legs and caused Rodriguez to sprawl forward on the ground. Rodriguez released the blank gun onto the

street, and it slid far out of his reach to the other side of the street. Rodriguez lied on the ground, not presenting a threat to any person.

23. At this point, Rodriguez could still feel and move his lower extremities. Rodriguez could feel the pain in his legs caused by the initial shots.

24. As Rodriguez was lying on the street face down with his hands extended outward, one of the law enforcement officers (who apparently had been sitting in the back of the unmarked police vehicle) exited the rear-passenger side door and moved to the rear of the vehicle. As Rodriguez lied face down, posing no threat whatsoever, this law enforcement officer shot Rodriguez again, this time in the middle of Rodriguez's back. This caused Rodriguez's lower body to go numb.

25. At no point prior to the shooting did any of the law enforcement officers identify themselves as law enforcement officers.

26. At no point prior to the shooting did any of the law enforcement officers demand that Rodriguez, stop, freeze, or drop the blank gun.

27. At the time the law enforcement officers shot Rodriguez, he did not present a threat to any person and had not pointed a weapon at any person.

28. After being shot in the back, Rodriguez is now a paraplegic and permanently disabled.

### FIRST COUNT
### Violations of Civil Rights Pursuant to Title 42 U.S.C. §§1983
### (General Allegations)

29. Rodriguez repeats and re-alleges each and every allegation contained in paragraphs 1-28 of the Complaint and incorporates same by reference.

30. In committing the acts complained of herein, Defendants acted under color of state law to deprive Rodriguez of his constitutionally protected rights under the Fourth Amendment of the U.S. Constitution including, but not limited to, the right to be free from excessive force by

6

persons acting under color of state law.

31. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and utilized excessive force on Rodriguez, rendering him paraplegic, in violation of the Fourth Amendment of the U.S. Constitution.

32. The County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD were willfully indifferent to the excessive use of force by their law enforcement officers.

33. The County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD failed to ensure that adequate policies and procedures were in place to prevent the excessive use of force by law enforcement officers.

34. The County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD caused law enforcement officers to violate Rodriguez's rights.

35. By reason of the foregoing unlawful and illegal acts or omissions, Defendants County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD, willfully, wantonly, and recklessly violated the civil rights of Rodriguez while acting under color of law, statute, ordinance, regulation, custom or usage and misused the power they possessed to deprive Rodriguez of his civil rights, guaranteed by law.

36. The aforesaid acts constitute a violation of 42 U.S.C. §§1983.

37. As a direct and proximate result of the violation of Rodriguez's constitutional rights by the Defendants, Rodriguez suffered severe painful and permanent personal injuries, mental anguish, emotional distress and great physical pain, and was compelled to undergo medical aid and treatment as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§1983.

38. The aforesaid damages and injuries were caused solely and wholly by the negligent and/or intentional and willful acts or omissions of Defendants without any fault of Rodriguez

contributing thereto.

39. By reason of the foregoing Rodriguez has been rendered permanently and totally disabled.

WHEREFORE, Rodriguez demands judgment against the County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD, jointly and severally, for the following relief:

   a. Compensatory Damages;
   b. Punitive Damages;
   c. Attorneys' fees and costs of suit;
   d. Such other and further relief that the Court deems equitable and just.

### SECOND COUNT
### Violations of Civil Rights Pursuant to Title 42 §§ U.S.C. 1983
### (Individual Officers)

40. Rodriguez repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 of the Complaint and incorporates same by reference.

41. Acting under color of law, in their official and individual capacities, Defendants Bornheimer, Weiss, and an unidentified Sherriff's Officer utilized excessive force on Rodriguez, rendering him paraplegic.

42. Acting under color of law, in their official and individual capacities, Defendants Bornheimer, Weiss, and an unidentified Sherriff's Officer violated Rodriguez's constitutionally protected rights under the Fourth Amendment of the U.S. Constitution.

43. By reason of the foregoing unlawful and illegal acts or omissions, Defendants Bornheimer, Weiss, and an unidentified Sherriff's Officer willfully, wantonly, and recklessly violated the civil rights of Rodriguez.

44. The aforesaid acts constitute a violation of 42 U.S.C. §§1983.

45. As a direct and proximate result of the violation of Rodriguez's civil rights, Rodriguez suffered severe painful and permanent personal injuries, mental anguish, emotional distress, great physical pain, and was compelled to undergo medical aid and treatment.

46. The aforesaid damages and injuries were caused solely and wholly by the negligent and/or intentional and willful acts or omissions of the defendants without any fault of Rodriguez.

47. By reason of the foregoing, Rodriguez has been damaged.

WHEREFORE, Rodriguez demands judgment against Defendants Bornheimer, Weiss, and an unidentified Sherriff's Officer, jointly and severally, for the following relief:

  a. Compensatory Damages;
  b. Punitive Damages;
  c. Attorneys' fees and costs of suit;
  d. Such other and further relief that the Court deems equitable and just.

### THIRD COUNT
### New Jersey Civil Rights Act

48. Rodriguez repeats and re-alleges each and every allegation contained in paragraphs 1 through 47 of the Complaint and incorporates same by reference.

49. Acting under the color of law, defendants utilized excessive force on Rodriguez, rendering him paraplegic.

50. Acting under color of law, Defendants violated Rodriguez's constitutionally protected rights under the U.S. and New Jersey Constitutions, including, without limitations, the rights guaranteed to him by the Fourth Amendment of the U.S. Constitution and Article One Section Seven of the New Jersey Constitution.

51. The County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD were willfully indifferent to the excessive use of force by their law

enforcement officers.

52. The County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD failed to ensure that adequate policies and procedures were in place to prevent the excessive use of force by law enforcement officers.

53. The County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD failed to ensure that adequate internal affairs procedures were in place to address and prevent the use of excessive force by law enforcement officers.

54. The County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD caused law enforcement officers to violate Rodriguez's rights.

55. By reason of the foregoing unlawful and illegal acts or omissions, Defendants County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD willfully, wantonly, and recklessly violated the civil rights of Rodriguez while acting under color of law, statute, ordinance, regulation, custom or usage and misused the power they possessed to deprive Rodriguez of his civil rights, guaranteed by law.

56. The aforesaid acts constitute a violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, et seq.

57. As a direct and proximate result of the violation of Rodriguez's civil rights, Rodriguez suffered severe, painful and permanent personal injuries, mental anguish, emotional distress, great physical pain, and was compelled to undergo medical aid and treatment.

58. The aforesaid damages and injuries were caused solely and wholly by the negligent and/or intentional and willful acts or omissions of the defendants without any fault of Rodriguez contributing thereto.

59. By reason of the foregoing Rodriguez has been damaged.

WHEREFORE, Rodriguez demands judgment against the County of Middlesex, Sherriff Scott, the City of New Brunswick, Mayor Cahill, Caputo, and the NBPD, jointly and severally, for the following relief:

- e. Compensatory Damages;
- f. Punitive Damages;
- g. Attorneys' fees and costs of suit;
- h. Such other and further relief that the Court deems equitable and just.

## FOURTH COUNT
### New Jersey Civil Rights Act (Individual Officers)

60. Rodriguez repeats and re-alleges each and every allegation contained in paragraphs 1 through 59 of the Complaint and incorporates same by reference.

61. Acting under the color of law, in their official and individual capacities, Defendants Bornheimer, Weiss, and an unidentified Sherriff's Officer utilized excessive force on Rodriguez, rendering him paraplegic.

62. Acting under color of law, in their official and individual capacities, Bornheimer, Weiss, and an unidentified Sherriff's Officer Defendants violated Rodriguez's constitutionally protected rights under the U.S. and New Jersey Constitutions, including, without limitations, the rights guaranteed to him by the Fourth Amendment of the U.S. Constitution and Article One Section Seven of the New Jersey Constitution.

63. By reason of the foregoing unlawful and illegal acts or omissions, Defendants Bornheimer, Weiss, and an unidentified Sherriff's Officer willfully, wantonly, and recklessly violated the civil rights of Rodriguez.

64. The aforesaid acts constitute a violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, et seq.

65. As a direct and proximate result of the violation of Rodriguez's civil rights, Rodriguez suffered severe painful and permanent personal injuries, mental anguish, emotional distress, great physical pain, and was compelled to undergo medical aid and treatment.

66. The aforesaid damages and injuries were caused solely and wholly by the negligent and/or intentional and willful acts or omissions of the Defendants without any fault of Rodriguez contributing thereto.

67. By reason of the foregoing Rodriguez has been damaged.

WHEREFORE, Rodriguez demands judgment against Defendants Bornheimer, Weiss, and an unidentified Sherriff's Officer, jointly and severally, for the following relief:

e. Compensatory Damages;
f. Punitive Damages;
g. Attorneys' fees and costs of suit;
h. Such other and further relief that the Court deems equitable and just.

DATED: JULY 30, 2012

Counsel for the Plaintiff
JOSEPH A. GINARTE, ESQ. (JG-7063)
GINARTE, O'DWYER, GONZALEZ
& WINOGRAD L.L.P.
400 Market Street
Newark, New Jersey 07102

DATED: JULY 30, 2012

Counsel for the Plaintiff
ADAM J. KLEINFELDT, ESQ.(AK-7129)
GINARTE, O'DWYER, GONZALEZ
& WINOGRAD L.L.P.
400 Market Street
Newark, New Jersey 07102

DATED:  JULY 30, 2012

Counsel for the Plaintiff
ALAN L. ZEGAS, ESQ.
476 South Street
New Providence, New Jersey 07974

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial jury as to all issues.

DATED: JULY 30, 2012

Counsel for the Plaintiff
JOSEPH A. GINARTE, ESQ.

## DESIGNATION OF TRIAL COUNSEL

ALAN L. ZEGAS and ADAM J. KLEINFELDT are designated as trial counsel in this matter.

DATED:  JULY 30, 2012

Counsel for the Plaintiff
ALAN L. ZEGAS, ESQ.

DATED: JULY 30, 2012

Counsel for the Plaintiff
ADAM J. KLEINFELDT, ESQ.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or alternatively state under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names

13

and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damages limits; and (g) medical payment limits.

DATED: JULY 30, 2012

Counsel for the Plaintiffs
JOSEPH A. GINARTE, ESQ.

### CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matters in controversy in this action are not subject of any other action pending in any other court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

DATED: JULY 30, 2012

Counsel for the Plaintiffs
JOSEPH A. GINARTE, ESQ.

### NOTICE OF PRESERVATION OF ELECTRONICALLY STORED INFORMATION

Defendants are hereby put on notice that any and all electronically stored information and databases, servers, back up servers, are to be maintained so that any electronic evidence is preserved for this litigation.

DATED: 7/30/2012

Counsel for the Plaintiffs
JOSEPH A. GINARTE, ESQ.