UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VICTOR RODRIGUEZ, | : | Civil Action No. 12-4722 (FLW) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION AND ORDER |
| The City of New Brunswick, et. al., | : | |
| Defendants. | : | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff's, Victor Rodriguez ("Plaintiff"), motion for leave to amend his Complaint to add as a defendant the now known Sheriff's Officer, Louis Suarez, formerly plead as "John Doe Defendant." Defendants, Middlesex County Sheriff's Department and Sheriff Mildred S. Scott, oppose Plaintiff's motion. The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion, and considers same without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiff's motion to amend his Complaint is DENIED.

### I. Background and Procedural History

Plaintiff, Victor Rodriguez, was shot and injured by law enforcement officers after he presented a firearm during a dispute on Remson St. in New Brunswick. (*See* Complaint; Docket Entry No. 1). On July 30, 2012, Plaintiff filed suit, listing John Doe defendants, in anticipation of determining their identities. (*Id.*). The Complaint alleges that Plaintiff was subjected to excessive force, in violation of his constitutional rights. (*Id.*). He further contends that the

actions of the individual defendants caused him to suffer "severe painful and permanent injuries, severe nervous shock, mental anguish, emotional distress, great physical pain, and to undergo emergency and medical aid treatment [which rendered him] totally and permanently disabled." (*Id.*).  Plaintiff also seeks to recover from the City of New Brunswick, the New Brunswick Police Department, Mayor John Cahill, Police Director Anthony Caputo, the County of Middlesex, the Middlesex County Sheriff's Department, and Sheriff Mildred S. Scott for "failure to properly train and supervise the individual Defendants in the proper use of force and techniques in its establishment of policies, procedures, practices, and customs that result in the excessive use of force." (*Id.*).

### a. Plaintiff's Argument

Plaintiff seeks to amend his Complaint to name Sheriff Officer Louis Suarez, in place of John Doe Defendant.  (*See* Motion to Amend: Docket Entry No. 40).  Plaintiff argues that his proposed amendment to the Complaint is allowed pursuant to Fed. R. Civ. P. 15(a)(2), which takes a liberal approach to amending the pleadings.  Plaintiff states: "a district court may deny a leave to amend only where in its discretion the district court finds that the plaintiff's delay in seeking the amendment is undue, made in bad faith, prejudicial to the opposing party, or fails to cure the jurisdictional defect." *Berkshire Fashions, Inc v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992) (*See* Motion to Amend: Docket Entry No. 40).  The Plaintiff contends equitable considerations weigh in favor of granting his motion to amend because the proposed amendment causes no undue delay, unfair prejudice, nor is it futile.

Plaintiff asserts there was no undue delay in seeking this leave to amend noting that when his original Complaint was filed, Plaintiff acknowledged that he was aware of a Middlesex County Sheriff's Officer who was directly involved in the shooting.  (*See* Motion to Amend:

Docket Entry No. 40). He further attests that he was notified of the Sheriff Officer's identity during the discovery process of the Plaintiff's related criminal proceeding, but at that time, the court-ordered stay of this matter was in effect and remained as such until April 29, 2014. (*Id*.). Plaintiff states nothing in the proposed Amended Complaint suggests bad faith, nor is he advancing any new legal claims or new legal theories. Plaintiff is seeking to name as defendant the now identified sheriff's officer directly involved in the incident. (*Id*.).

Defendants oppose Plaintiff's motion emphasizing that Plaintiff seeks to amend the Complaint nearly two years after becoming aware of the Sheriff Officer's identity. (*See* Brief in Opposition; Docket Entry No. 43). Defendants contend Plaintiff engaged in undue delay in seeking this amendment. (*Id*.). Defendants argue Plaintiff was aware of the Sheriff Officer's identity 26 months prior to the filing of this motion and 14 months prior to the expiration of the statute of limitations in this matter, which ran on January 31, 2014. (*Id*.). Defendants note that Plaintiff admits to having become aware of the Sheriff Officer's identity during the discovery process of his criminal proceeding. Defendants also note that they produced documents from the Middlesex County Prosecutor's Office that demonstrate Sheriff's Officer Suarez was identified during the Grand Jury proceedings. (*Id*.). Additionally, Plaintiff's Rule 26 disclosure identified the Sheriff's Officer by name, and Defendants argue that this demonstrates Plaintiff knew of the Sheriff's Officer's identity since June 16, 2014, 6 months prior to the filing of this motion. (*Id*.) Defendants argue that although Plaintiff's Complaint was administratively stayed, there is no reason why he could not have sought to leave to amend during the pendency of the stay. (*Id*.).

**II.     Analysis**

   **A.     Standard of Review**

According to Fed.R.Civ.P. 15(a), leave to amend the pleadings is generally granted liberally.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Where there is an absence of the above factors: undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be granted freely.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  The Court may, however, deny a motion to amend where there is "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (*Id*.)

   **B.     Discussion**

Plaintiff seeks to amend his Complaint to add as a defendant, Sheriff's Officer Louis Suarez.  In his Original Complaint, Plaintiff listed "John Does 1-5" and alleged that "an unidentified Officer of the Middlesex County Sheriff's Department" was present at the scene.  Plaintiff has since determined the identity of the previously plead fictitious Defendant and now seeks, through this motion, to supplement his Complaint to specifically plead the Sheriff's Officer in his individual capacity.

Defendants' assert Plaintiff engaged in undue delay when he failed to timely file this motion to amend his Complaint.  While the federal rules of pleading are generally receptive to amendments, when an issue of undue delay is raised, the Court must focus on the movant's reasons for not amending the complaint sooner.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  The Third Circuit has recognized that

4

an amendment may become unduly delayed when the movant had prior opportunity to amend the complaint.  *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273-74 (3d Cir. 2001) (denial of motion to amend upheld where District Court cited undue delay because the motion was filed three years after the complaint was filed and the information on which the amendment relied was known to the plaintiffs two-and-a-half years earlier).

Here, Defendants have shown, and the Court agrees, that Plaintiff became aware of the name of the unidentified Sheriff's Officer well before the filing of the instant motion for leave to amend.  Defendants highlight that Plaintiff acknowledged in his brief in support of this motion that during the discovery process of the criminal proceeding, the identity of the Sheriff's Officer was made known to him.  (*See* Motion to Amend: Docket Entry No. 40).  Thus, Plaintiff was aware of the Sheriff Officer's identity 26 months before this motion was filed.  (*See* Brief in Opposition: Docket Entry No. 43).  While Plaintiff stresses that his Complaint was administratively stayed on December 5, 2012, Defendant notes that the stay came into effect one month after Plaintiff learned of the Sheriff Officer's identity.  (*Id.*)  Furthermore, Plaintiff's Rule 26 disclosure identified the Sheriff's Officer by name, making it apparent that Plaintiff was aware of his involvement since June 16, 2014.  (*Id.*)

When the Court evaluates a motion to file for leave to amend for undue delay, the court considers whether the movant offers "adequate justification" for the delay.  *Goow v. Wittig*, 558 F. App'x 257, 260 (3d Cir. 2001).  The Third Circuit has denied motions for leave to amend when there has been no reasonable explanation for the delay provided by the moving party.  *See Cureton*, 252 F.3d at 274 (District Court determined and Third

Circuit upheld denial of amendment where "no reasonable explanation" was provided to explain the delay). Here, Plaintiff provides no reasonable explanation for the delay in filing this motion to amend. As Defendants note, Plaintiff could have sought to amend his pleading prior to the stay being imposed or during the pendency of the stay for the record shows at least one Defendant filed his Answer during this period. (D.E. 43). The Court agrees. Plaintiff, in his brief, provides no other explanation for the delay outside the court-ordered-stay and the Court finds that reason to be insufficient.

### III. Conclusion

For the reasons stated above, Plaintiff's motion seeking leave to file an Amended Complaint to add as a defendant the now known individual sheriff's officer, formerly plead as "John Doe Defendant" is DENIED. The Clerk of the Court is directed to terminate Docket Entry No. 40.

Dated: May 7, 2015

       s/Tonianne J. Bongiovanni  
**HONORABLE TONIANNE J. BONGIOVANNI**  
**UNITED STATES MAGISTRATE JUDGE**